J-S02043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES HALSEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA HALSEY N/K/A BARBARA | : | |
| WEIGAND, | : | |
| | : | |
| Appellant | : | No. 1293 MDA 2019 |

Appeal from the Decree Entered July 18, 2019
in the Court of Common Pleas of Schuylkill County
Civil Division at No(s):  S-633-2016

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 25, 2020**

Barbara Halsey, n/k/a Barbara Weigand ("Wife"), appeals from the Order denying and dismissing, with prejudice, her Petition for Special Relief, and validating the Pre-Nuptial Agreement (the "Agreement") executed by Wife and Charles Halsey ("Husband"), with the exception of two paragraphs, and which was made final by the entry of the July 18, 2019, Divorce Decree.  We affirm.

Husband and Wife married on February 28, 2014.  Relevantly, Husband and Wife signed the Agreement approximately one month prior to their marriage, which states, in relevant part, as follows:

**PROPERTY**

1. The separate property owned by each Party at the execution of this Agreement, however and whenever acquired, will be owned and managed solely by such Party at all times and will remain the separate property of such Party after the execution of this

Agreement, with no claim by the other Party upon separation or otherwise.

2. All property will be treated as shared property except the following property, which will not be deemed as shared property (excepting any particular piece of property that is documented as being owned by both Parties):

    a. any property owned by a Party at the date of execution of this Agreement.

* * *

**MATRIMONIAL PROPERTY RELEASE**

11. The Parties covenant and agree that they are aware of the equitable property laws of the Commonwealth of Pennsylvania, and that it is their intention that the equitable property laws will not apply to the status, ownership, interest and division of their property, either jointly or separately owned, nor to their future property, whether real or personal, and owned by either one or both of them, and the Parties further covenant and agree that it is their desire and intent by the terms of this Agreement to contract out of the equitable property laws of the Commonwealth of Pennsylvania, and to make a full and final settlement of all matters of property, both real and personal, previously and presently owned by either of the Parties or to be acquired by either of the Parties in the future.

* * *

**ADDITIONAL CLAUSES**

19. If [Wife] divorces [Husband], [Wife] relinquishes all rights to the house at 249 Sculps Hill Road, Auburn, PA 17922 [sometimes referred to herein as the "Property"].

20. If [Husband] divorces [Wife], [Husband] agrees to pay [Wife] 50% of the value of the house at 249 Sculps Hill Road, Auburn, PA 17922.

**SEVERABILITY**

21. Should any portion of this Agreement be held by a court of law to be invalid, unenforceable, or void, such holding will not have the effect of invalidating or voiding the remainder of this Agreement, and the Parties agree that the portion so held to be invalid, unenforceable, or void, will be deemed amended, reduced in scope, or otherwise stricken only to the extent required for purposes of validity and enforcement in the jurisdiction of such holding.

Petition for Special Relief, 7/28/17, Exhibit A (Pre-Nuptial Agreement). Husband was the sole owner of the house at 249 Sculps Hill Road, where the couple resided, at the time he and Wife signed the Agreement.

On April 13, 2014, Husband filed a Complaint in Divorce, seeking a divorce by mutual consent pursuant to Section 3301(c) of the Divorce Code. *See* 23 Pa.C.S.A. § 3301(c). Wife filed an Answer and Counterclaim, wherein Wife indicated her intention to file an affidavit consenting to entry of a divorce decree. Additionally, Wife requested the equitable distribution of marital property, and enforcement of the Agreement.

Wife filed an Emergency Petition for Special Relief on July 21, 2016, claiming that she was entitled to receive 50% of the value of the house at 249 Sculps Hill Road under the terms of the Agreement. Additionally, Wife alleged that Husband had transferred a one-half interest in the house to his daughter immediately before filing the Complaint in Divorce. Wife therefore requested that the court order a real estate appraisal of the entire value of the marital residence, and enter an injunction to preclude further transfer or dissipation of the Property. The trial court scheduled a hearing on the Emergency Petition. The matter proceeded before a hearing master. By Order entered

August 9, 2016, and upon agreement of the parties, the trial court adopted the master's recommendation that Husband take no action to encumber, alienate or transfer his interest in the Property for a period of 90 days, during which time Wife would obtain an appraisal on the Property.[1]

On August 12, 2016, Husband filed a Petition for Special Relief and for Exclusive Possession of Real Property, claiming that, even under Paragraphs 19 and 20 of the Agreement, Wife has no ownership interest in the Property. The trial court scheduled a hearing on Husband's Petition. Additionally, Wife filed an Answer.[2]

On September 9, 2016, Husband filed a Petition for Exclusive Possession of Real Property and/or Contempt of Agreement, arguing that although he had paid Wife $1,500 to secure other housing, Wife had refused to relocate in accordance with the stipulation. The trial court scheduled a hearing before a

---

[1] Husband subsequently filed a Praecipe to Discontinue the divorce action on July 27, 2016. Wife filed a Response and a Motion to Strike, asking the court to dismiss the Praecipe to Discontinue because there remained unresolved economic and property issues. Subsequently, in her Praecipe to Transmit Record, Wife indicated that her Motion to Strike had never been addressed by the trial court. The trial court ultimately granted Wife's Motion to Strike, and ordered that Husband's Praecipe for Discontinuance be stricken from the record.

[2] At some time during the pendency of this divorce action, Wife filed for a Protection From Abuse order ("PFA"), and Husband was temporarily evicted from the Property. On August 24, 2016, Husband and Wife entered a stipulation on the record whereby (1) Wife agreed to withdraw the PFA, move out of the parties' shared residence, and return the keys to Husband's vehicles; and (2) Husband agreed to provide to Wife a check for $1,500, to help Wife pay rent.

hearing master. On October 4, 2016, Wife filed an Answer, alleging that Husband had failed to meet the conditions precedent for her relocation (*i.e.*, rent payments of $1,000 per month, the relocation of three pets with Wife, and construction of a fence to keep the pets contained).

By Order entered October 14, 2016, the trial court adopted the hearing master's recommendation. Thus, the Order granted Husband's Petition for Exclusive Possession, and directed Wife to vacate the Property within 30 days of the date of the Order.

On July 28, 2017, Wife filed the Petition for Special Relief underlying the instant appeal. Therein, Wife specifically referred to Paragraphs 19 and 20 of the Agreement, which outline the parties' rights regarding the Property based upon which party "divorces" the other. Wife sought a declaratory judgment concerning the meaning of the phrase "if [Husband] divorces [Wife]," and asserted that the provisions of Paragraph 20 had been satisfied because Husband filed the original Complaint in Divorce, as well as a request for exclusive possession of the Property. Husband filed a Response, and a subsequent Motion to Dismiss Wife's Petition for Special Relief as frivolous. The trial court conducted a hearing, and on January 15, 2018, the trial court denied and dismissed, with prejudice, Wife's Petition for Special Relief. The

trial court also found the Agreement to be valid, with the exception of Paragraphs 19 and 20, which it declared null and void.[3]

The hearing master conducted a hearing on the divorce action on June 11, 2019. At that time, Husband and Wife agreed to the entry of a divorce decree pursuant to section 3301(d), and both parties affirmed that they had lived separate and apart for a period of at least two years. Additionally, Husband and Wife agreed that the equitable distribution issue had been rendered moot by the court's January 15, 2018, Order regarding the Agreement. The parties also indicated their understanding that Wife intended to pursue an appeal on the issue of whether the Agreement was valid. On July 18, 2019, the trial court, upon consideration of the master's report and the agreement of the parties, entered a Divorce Decree.

On July 31, 2019, Wife filed a Motion for Reconsideration, requesting that the court vacate its January 15, 2018, and March 22, 2018, Orders,[4] and asserting that the validity of the Agreement should be considered under contract principles. Wife filed a Notice of Appeal the same day. The trial court

---

[3] Wife filed a Notice of Appeal from the Order denying and dismissing her Petition for Special Relief. However, at that time, the divorce action had not been resolved, and this Court ultimately quashed the appeal.

[4] The trial court filed its March 22, 2018, Order following Wife's first, interlocutory appeal. In its Opinion, the trial court stated that the January 15, 2018, Order finding the Agreement valid, with the exception of Paragraphs 19 and 20, was not a final order, as it had not disposed of all claims.

denied Wife's Motion for Reconsideration on August 9, 2019.[5]    Wife

subsequently filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of

matters complained of on appeal.

Wife now raises the following issues for our review:

1. Did the trial court err in determining the Pre-Nuptial Agreement dated January 28, 2014[,] is determined to be valid[,] except for Paragraphs 19 and 20?

2. Did the trial court err in essentially pulling [Husband] out of a bad deal without lawful legal authority to do so?

3. Is the language in the Pre-Nuptial Agreement ambiguous such that parol evidence is admissible to determine the intent of the parties?

Wife's Brief at 4.[6]

_____

[5] Husband filed an Answer and New Matter in response to Wife's Motion for Reconsideration, albeit *after* the trial court had entered its Order denying the Motion for Reconsideration.

[6] Wife did not specifically raise any of these questions in her Concise Statement.  Rather, Wife's Concise Statement includes only the assertion that "[t]he parties are/were in agreement that a decree in divorce be entered and the validity of the [] [A]greement dated January 28, 2014 be reviewed by [this Court]."  Concise Statement, 8/16/19; *see also* Pa.R.A.P. 1925(b)(4)(ii) (stating that an appellant's concise statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised….").  Thus, we will only address Wife's first claim, as it is the only one sufficiently identified in the Concise Statement.  *See id.*; Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived.").

Wife claims that the trial court erred in determining that the Agreement was valid, with the exception of Paragraphs 19 and 20.[7] *Id.* at 14. According to Wife, Husband's testimony at the hearing was incredible.[8] *Id.* Wife argues that the language contained in Paragraphs 19 and 20 (*i.e.*, "If [Wife] divorces [Husband,]" and "If [Husband] divorces [Wife]") should be interpreted to mean that the party who commences the divorce action is the party who is "divorcing" the second party. *Id.* at 15. Thus, under this interpretation, Wife asserts that Husband divorced her because he filed the initial Complaint in Divorce. *Id.*[9]

Regarding a trial court's ruling on the validity of a prenuptial agreement, we observe the following:

> The determination of marital property rights through prenuptial, postnuptial and settlement agreements has long been permitted, and even encouraged. Both prenuptial and postnuptial agreements are contracts and are governed by contract law. Moreover, a court's order upholding the agreement in divorce

---

[7] Beyond a general citation to case law stating that premarital agreements are presumed to be valid, Wife's argument is not supported by adequate discussion and citation to relevant authorities. *See* Pa.R.A.P. 2119(a) (requiring that the argument section of an appellate brief include "such discussion and citation of authorities as are deemed pertinent."). Nevertheless, we will briefly address Wife's claim.

[8] Presumably, Wife's assertion relates to the hearing concerning her July 28, 2017, Petition for Special Relief, though she fails to identify which hearing she is referring to in her argument.

[9] To the extent that Wife includes an argument relating to ambiguity in the terms of the Agreement and the need for parol evidence, we again note that this claim was not preserved in her Concise Statement, nor was it adequately developed in this section of her brief. *See* Pa.R.A.P. 1925(b)(4)(vii), 2119(a).

proceedings is subject to an abuse of discretion or error of law standard of review. An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. We will not usurp the trial court's fact[-]finding function.

***Paroly v. Paroly***, 876 A.2d 1061, 1063 (Pa. Super. 2005) (citations and quotation marks omitted). Additionally, "[w]hen interpreting a prenuptial agreement, the court, as in dealing with an ordinary contract, must determine the intention of the parties." ***In re Estate of Blumenthal***, 812 A.2d 1279, 1286 (Pa. Super. 2002) (citation omitted). Additionally, "[i]t is the function of the court to decide, as a matter of law, whether the contract terms are clear or ambiguous. The fact that the parties have different interpretations of a contract does not render the contract ambiguous." ***Id.*** (citation omitted).

Here, the trial court determined that

the filing of a no-fault mutual consent divorce complaint under 23 Pa.C.S.[A. §] 3301(c) does not equate to one's "divorcing" the other. No decree may be entered under that section unless both parties consent to the entry of a divorce decree. Consequently, the entry of a no-fault decree under section 3301(c)—which [Husband] sought—would require the consent of [Wife].

Opinion and Order, 3/22/18, at 6-7. Additionally, the trial court pointed out that Husband attempted to discontinue the divorce action, apparently based on Wife's insistence to enforce Paragraph 20, but that Wife objected to his Praecipe to Discontinue. ***Id.*** at 7. As the trial court noted that, in preventing Husband from discontinuing the divorce action, "[Wife] insisted that [Husband] was divorcing her, and, as a result, whether he liked it or not he

must continue with the action and be bound by the terms of Paragraph 20."

***Id.***

Upon review, we discern no abuse of discretion or legal error in the trial court's assessment of the Agreement. ***See Paroly***, ***supra***. Specifically, regarding Paragraphs 19 and 20, we discern no abuse of discretion in the trial court's determination that Husband's filing of a Complaint in Divorce seeking a no-fault, mutual consent divorce, did not constitute him "divorcing" Wife. Accordingly, we affirm the trial court's Order denying and dismissing, with prejudice, Wife's Petition for Special Relief, as made final by the entry of the Divorce Decree.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/25/2020